**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Aram Adzhikosyan

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARAM ADZHIKOSYAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CALLFIRE, INC.,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227 ET SEQ. ("TCPA")**<br><br>**[JURY TRIAL DEMANDED]** |

//
//
//
//
//
//

1
CLASS ACTION COMPLAINT

KAZEROUNI LAW GROUP, APC
245 FISCHER AVE., UNIT D1
COSTA MESA, CA 92626

**INTRODUCTION**

1. Plaintiff ARAM ADZHIKOSYAN ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant CALLFIRE, INC. ("Defendant" or "CallFire") in negligently and/or knowingly contacting Plaintiff, without implied or express consent, on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy.

2. In 2015, the Federal Communications Commission noted, "[m]onth after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the Commission." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 1 (2015).

3. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA."

4. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13; see also, *Mims*, 132 S. Ct. at 744.

6. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

7. The FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) (The FCC has determined that a text message falls within the meaning of "to make any call" in 47 U.S.C. § 227(b)(1)(A)); *Toney v. Quality Res., Inc.*, 2014 WL 6757978, at *3 (N.D. Ill. Dec. 1, 2014) (Defendant bears the burden of showing that it obtained Plaintiff's prior express consent before sending him the ***text message***). (emphasis added).

8. The United States Court of Appeals for the Ninth Circuit recently held that "[u]nsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016)

(quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

9. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

10. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

11. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

12. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, vendors, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

13. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b) because this case arises from violations of the federal law.

14. Because Defendant conducts business within the State of California, personal jurisdiction is established.

15. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Los Angeles, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

(a) is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

(b) does substantial business within this district;

(c) is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

(d) the harm to Plaintiff occurred within this district.

## PARTIES

16. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the County of Los Angeles, State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (3).

17. Defendant is, and at all times mentioned herein was, a corporation whose primary corporate address is the State of California, with its principle place of business and/or headquarters located at 1410 2nd Street, Suite 200, Santa Monica, California 90401. Defendant is, and at all times mentioned herein was, a California corporation and is a "person," as defined by 47 U.S.C. § 153 (39). Defendant is an Internet advertising agency. At all times relevant herein, Defendant conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

## FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff was a citizen of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

19. Defendant is, and at all times mentioned herein was, a California corporation, and a "person," as defined by 47 U.S.C. § 153 (39).

20. At all times relevant Defendant conducted business in the State of California and in the County of Los Angeles, within this judicial district.

21. Defendant provides text and voice marketing solutions, including outbound mass SMS text messaging, call tracking, pre-recorded voice broadcast, and CallFire Interactive Voice Response (IVR) system to allow businesses to contact consumers *en masse*.

22. Beginning sometime during February 2018, Defendant sent Plaintiff numerous text messages regarding various job opportunities to Plaintiff's cellular telephone number ending in "4695" from SMS short code number 670-76.

23. On April 24, 2018 at approximately 2:51 p.m. PST, Defendant sent one such text message from SMS short code number 670-76 to Plaintiff's cellular telephone number ending in "4695" which read:

> "Hi. Mary from CR England here. Are you still looking for a job? Please give me a call today at 801-609-9744. – Reply STOP to opt out."

24. On May 7, 2018 at approximately 9:57 a.m. PST, Defendant sent another such text message from SMS short code number 670-76 to Plaintiff's cellular telephone number ending in "4695" which read:

> "UT-CA Dedicated + Home on the weekend+.42 to .56 Starting CPM+ $1500 bonus with Great benefits and much more! Call (Mario) 801-907-4586 Kold Trans."

25. Shortly after receiving the above text message from Defendant, on May 7, 2018 at approximately 11:04 a.m. PST, Plaintiff responded to the above text message with the word "stop," indicating that Plaintiff wanted to stop receiving further automated text messages from Defendant.

26. Following Plaintiff's "stop" text, Defendant immediately sent Plaintiff an automatic reply text message from Defendant's SMS short code number 670-76 which read:

> "Callfire Alerts: You have opted out of this program & will no longer receive any messages."

27. Defendant's immediate and automatic form response to Plaintiff's "stop" message is indicative of the use of an automatic telephone dialing system.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVE., UNIT D1
COSTA MESA, CA 92626

28. Subsequently, on May 16. 2018 at approximately 10:30 a.m. PST, despite Plaintiff's request that Defendant cease further text messages to Plaintiff's cellular telephone, Defendant sent Plaintiff an unsolicited text message from SMS short code 670-76 to Plaintiff's cellular telephone number ending in "4695" which read:

> "Hi. Mary from CR England here. Got a fantastic lane available for you. Do you have time for a quick call? Call Me Today at 801-609-9744. – Reply STOP to opt out."

29. The aforementioned SPAM text message was a form text sent to numerous consumers *en masse*, and not solely to Plaintiff, which is indicative of the use of an automatic telephone dialing system.

30. Defendant used SMS short code number 670-76 to send this unsolicited SPAM text message to Plaintiff's cellular telephone.

31. Through the unsolicited SPAM text message, Defendant contacted Plaintiff on Plaintiff's cellular telephone via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A).

32. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

33. The cellular telephone number Defendant sent the unwanted text message to was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls and text messages pursuant to 47 U.S.C. § 227(b)(1).

34. This text message constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

35. Plaintiff did not provide Defendant and/or its agent with prior express consent to send text messages, including unsolicited text messages via an ATDS, to Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A). However, if any such purported prior express consent was previously provided, Plaintiff revoked such consent on May 7, 2018 by texting Defendant "stop." *See* ¶ 25.

7
CLASS ACTION COMPLAINT

36. Defendant's website (www.callfire.com) states "[t]o unsubscribe from any CallFire® list simply send 'STOP' to the originating short code or contact Support."

37. The unsolicited telephonic communications by Defendant and/or its agent violated 47 U.S.C. § 227(b)(1).

38. Through this action, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

39. Plaintiff was personally affected because Plaintiff was frustrated and distressed that Defendant harassed Plaintiff with continuous solicitation text messages using an ATDS.

40. Defendant's telephonic communications forced Plaintiff and class members to live without the utility of their cellular phones by forcing Plaintiff and class members to silence their cellular phones and/or block incoming numbers.

41. The TCPA was intended to give individuals control over how and where they receive telephonic communications. When Defendant sent such text messages to consumers without their consent, it fails to address or respect the limitations imposed by the TCPA. In doing so, Defendant invades Plaintiff and similarly situated persons' privacy and violates the spirit and intent behind the TCPA.

42. Through the aforementioned conduct, Defendant violated 47 U.S.C. §§ 227, et seq.

## CLASS ACTION ALLEGATIONS

43. Plaintiff brings this action individually and on behalf of all others similarly situated ("the Class").

44. Plaintiff represents, and is a member of the Class, consisting of:

> All persons within the United States who were sent a text message by Defendant and/or its agent(s) to said person's cellular telephone through the utilization of any automatic telephone dialing system without said person's consent within the four years prior to the filing of this action.

45. Defendant and its employees and/or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

46. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an unsolicited SPAM text message/s, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

47. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to modify or expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

48. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

49. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including, but not limited to, the following:

a) Whether, within the four years prior to the filing of this Complaint, Defendant or its agents sent any unsolicited text message/s (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing and/or SMS texting system to any telephone number assigned to a cellular phone service;

b) Whether Defendant can meet its burden of showing it obtained and had valid prior express consent (i.e., consent that is clearly and unmistakably stated);

c) Whether Defendant's conduct was knowing and/or willful;

d) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

e) Whether Defendants and its agents should be enjoined from engaging in such conduct in the future.

f) Whether Plaintiff and the Class are entitled to any other relief.

50. As a person who received at least one unsolicited SPAM text message without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

51. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

52. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

53. A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with Federal and California law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

54. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TCPA**
**47 U.S.C. §§ 227, ET SEQ.**

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

57. As a result of Defendant's negligent violations of 47 U.S.C. §§ 227 et seq., Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

58. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA**
**47 U.S.C. §§ 227, ET SEQ.**

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, et seq.

61. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227 et seq., Plaintiff and the Class are entitled to an award of treble damages, as provided by statute, of $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

62. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

- An order certifying this case as a Class Action on behalf of the Class as defined above, appointing Plaintiff as the Class Representative and appointing Plaintiff's counsel as Class Counsel;
- An order declaring that Defendant's conduct, as alleged above, was in violation of the TCPA;
- Injunctive relief requiring Defendant to cease all unsolicited text messaging activity to Plaintiff and the Class and prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system ("ATDS") without obtaining the recipient's prior express consent to receive such telephonic communications via the use of such equipment;
- An award of reasonable attorneys' fees and costs to Plaintiff's counsel pursuant to, inter alia, California Code of Civil Procedure § 1021.5;
- Post-judgment interest; and
- Any other relief the Court may deem just and proper.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATION OF THE TCPA
## 47 U.S.C. §§ 227, ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. §§ 227, ET SEQ.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

63. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 10, 2019

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: __/s/ *Abbas Kazerounian*_____
ABBAS KAZEROUNIAN, ESQ.
MONA AMINI, ESQ.
ATTORNEYS FOR PLAINTIFF

13
CLASS ACTION COMPLAINT